STEPHEN MARTIN v. ANTON HAMERSKY.

No. 12,212.    (65 Pac. 637.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Year to Year—Exception to Rule.* The general rule of law that "when a tenant with the consent of the landlord, express or implied, holds over his term, the law implies a continuation of the original tenancy upon the same terms and conditions," does not obtain in a case where the rent reserved in the original lease for the most part consists of the performance by the tenant of labor upon the premises, of such nature that, being once performed during the original term, becomes incapable of further performance by the tenant while holding over.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed July 6, 1901. Division one. Reversed.

*J. V. Daugherty,* for plaintiff in error.

*Amidon & Conly,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : Plaintiff, Stephen Martin, leased sixty acres of unbroken prairie land to defendant, Anton Hamersky, for a term of two years, commencing March 1, 1895, and ending March 1, 1897. The consideration expressed in the lease reads as follows :

"For the use of said premises for the term mentioned, he hereby covenants and agrees to break and cultivate for the said two years the above-mentioned property. . . . It is further agreed by the parties to the within lease that lessee shall pay all taxes on the above-described property for the years 1895, 1896, 1897, 1898 and 1899 when due, and shall deliver the receipts to lessor's agents in Wichita, Kan."

In the fall of 1896 the premises were sown to wheat by defendant. At the expiration of the term of the

tenancy as provided for in the lease nothing was said between the parties, but defendant continued to occupy the premises, cut and cared for the wheat, and was proceeding with the thrashing of the same, when plaintiff made demand for one-third of the wheat, as the landlord's share of the crop for the use of the premises. This demand was refused. Thereupon plaintiff commenced this action in attachment to recover the value of one-third of said crop of wheat, as the landlord's share for the use of the premises. Upon the trial, a demurrer to the evidence of plaintiff was interposed and sustained. Plaintiff brings error.

Section 3846, General Statutes of 1901, provides:

"When premises are let for one or more years, and the tenant with the assent of the landlord continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year."

As defendant, with the implied assent of his landlord, held over after the termination of the term fixed by the lease, he became a tenant from year to year. In the absence of an express agreement between the parties as to the amount of rent to be paid after the expiration of the term provided by the lease, what agreement will the law imply? Counsel for plaintiff in error contends the law will imply an agreement between the parties for the payment of the reasonable rental value of the premises, to be determined by the custom obtaining in the locality where the property is situate. Counsel for defendant in error contend that the holding over implies an agreement between the parties to pay rent upon the same terms and conditions as expressed in the written lease. This is the sole proposition involved in this controversy. In the sustaining of the demurrer to the evidence of plaintiff,

the trial court seems to have adopted the latter contention.   The general rule is as contended by counsel for defendant in error :

"When a tenant with the consent of the. landlord, express or implied, holds over his term, the law implies a continuation of the original tenancy upon the same terms and conditions." ( 12 A. & E. Encycl. of L., 1st ed., 758.)

While conceding the general rule to be as stated, counsel for plaintiff in error insists that the case at bar is an exception to, and is not controlled by, this general rule ; that, by the express provisions of the lease in this case, the defendant was to have the use of the premises for two years in consideration of the "breaking," or, in other words, the reducing of the raw or unbroken prairie land to a state of cultivation ; that, at the expiration of the term for which the tenancy was created, the work to be performed as a substitute for the payment of rent was fully performed, · and could not operate in law as the implied consideration for the further use of the premises.  ,With this contention we agree.   While fully recognizing and adhering to the general rule in all cases to which the same is applicable, yet, under the peculiar conditions of the written lease for two years, the rent reserved therein being in the form of labor which, from its very nature, was incapable of performance but once, and which had been performed under the original lease and before its expiration, we can find no room for the operation of the general rule in this case. The law neither presumes nor requires performance of an act incapable of performance.

In the case of *Diller v. Roberts*, 13 Serg. & R. (Pa.) 60, the court said :

"There was no evidence of any agreement for the

Martin v. Hamersky.

second year's rent; but it was contended, on the part of the defendant, that on the plaintiff's holding over after the end of the first year, the law implied an agreement that he should pay the same rent, and at the same time which he had agreed to pay it the first year.   Such, undoubtedly, is the general rule; but the written agreement for the first year, in this case, was of so singular a nature, that I do not think there could be any implication of law that it should extend to the second year.''

In the case of *Ives v. Williams*, 50 Mich. 106, 15 N. W. 36, it was said:

''But when the case is of such a nature that the facts plainly revolt against material provisions of the old lease; or when, according to the evidence, there is not only no right to infer the assent of the parties, but positive proof that the landlord unqualifiedly dissents, there is no authority for holding that the parties are nevertheless subject as matter of law to the old provisions.''

The general rule being inapplicable to the facts in this case, it follows that the demurrer interposed should have been overruled and that the judgment must be reversed.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.